**Dismissed and Memorandum Opinion filed August 27, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00720-CR

---

**STEVEN ALLEN GOMEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 02CR2058**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment nunc pro tunc signed April 29, 2013. No motion for new trial was filed. Appellant's notice of appeal was not filed until June 7, 2013.

A defendant's notice of appeal must be filed within thirty days after an appealable order is entered when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). Although we may grant an extension of time to file

a notice of appeal, it must be filed in the trial court within fifteen days after the deadline for filing the notice of appeal and, within that same fifteen-day period, the party must file an extension motion in the appellate court. *See* Tex. R. App. P. 26.3(a), (b).  Otherwise, we do not have authority to grant an extension of time to file the notice of appeal.  *See Olivo v. State,* 918 S.W.2d 519, 522-4 (Tex.Crim.App. 1996).   The notice of appeal was filed within the fifteen-day period, but no extension of time to file the notice of appeal was filed.

A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction.  *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal.  Under those circumstances it can take no action other than to dismiss the appeal.  *Id.*

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Frost, Boyce, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).

2